UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBBIE BRENT,

    Plaintiff,

v.                                      Case No: 2:14-cv-52-FtM-38DNF

SOURCE INTERLINK
DISTRIBUTION, LLC and SOURCE
INTERLINK COMPANIES, INC.,

    Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on Defendant Source Interlink Companies, Inc.'s Motion to Stay Proceedings (Doc. 25) filed on July 16, 2014. Plaintiff Debbie Brent filed a response in opposition (Doc. 32; see also Doc. 33) on August 4, 2014. This matter is now ripe for review.

**Background**

Plaintiff Debbie Brent initiated this litigation by filing a complaint against Defendants Source Interlink Distribution, LLC and Source Interlink Companies, Inc. (Doc. 1). The counts are pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA"). The counts are Title VII Sex Discrimination (Count I); FCRA Sex Discrimination (Count II); Title VII Retaliation (Count III); and FCRA Retaliation (Count IV).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

On July 9, 2014, Source Interlink Distribution, LLC filed a Suggestion of Bankruptcy. (Doc. 18). Therefore, pursuant to 11 U.S.C. § 362, this matter is stayed as it relates to Source Interlink Distribution, LLC only. (Doc. 22). The Court indicated on July 11, 2014, this matter is not stayed as it relates to Source Interlink Companies, Inc. ("SIC"). (Doc. 22). Then, SIC filed this instant motion, requesting to stay this entire matter pursuant to Section 362, or alternatively, to promote judicial efficiency. Brent opposes the motion.

**Standard**

The law is clear, when a debtor files a petition under the bankruptcy code, this filing operates as an automatic stay of the continuation of a previously commenced judicial proceeding against the debtor. Ellison v. Northwest Eng'r Co., 707 F.2d 1310, 1311 (11th Cir. 1983) (citing 11 U.S.C. § 362(a)(1)). This automatic stay is designed to give the debtor "a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressure that drove [the debtor] into bankruptcy." Ellison, 707 F.2d at 1311 (citing H.R.Rep. No. 595, 95th Cong.2d Sess. 340, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6297). The clear language of Section 362, however, only stays the action automatically against a debtor. Chicago Title Ins. Co. v. Lerner, 435 B.R. 732, 735 (S.D. Fla. 2010) (quoting McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 509 (3d Cir. 1997)); see, e.g., Souder v. Premier Automo. on Atl., LLC, No. 3:08-cv-973-J-32JRK, 2009 WL 691916, at *1 (M.D. Fla. Mar. 13, 2009) (staying the case only to the debtor defendant); In re Colonial Bancgroup Inc. Sec. Litig., 2:09cv104-MHT, 2010 WL 119290, at *1 (M.D. Ala. Jan. 7, 2010) ("The automatic stay provisions of § 362(a) generally do not operate to stay claims against non-debtor defendants.") (citation omitted).

Nevertheless, in unusual circumstances, courts have stayed matters against non-debtor defendants as well. See, e.g., A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1016

(4th Cir. 1986) (finding a stay was warranted with regard to the non-debtors); In re Steven P. Nelson, 140 B.R. 814, 816-17 (Bank. M.D. Fla. 1992) (same); c.f. In re Colonial BancGroup, Inc. Sec. Litig., 2010 WL 119290, at *5 (choosing not to extend the stay to the non-debtors); In re Sunbean Sec. Litig., 26 B.R. 534 (S.D. Fla.2001) (same); All Seasons Resorts, Inc. v. Milner (In re All Seasons Resorts, Inc.), 79 B.R. 901 (Bankr.C.D.Cal. 1987) (same); In re Metal Ctr, Inc., 31 B.R. 458 (D.Conn. 1983) (same). An unusual circumstance exists when "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will be in effect be a judgment or finding against the debtor." A.H. Robins Co., Inc., 788 F.2d at 999. In contrast, where a non-debtor co-defendant is allegedly liable upon its own breach of duty, then the automatic stay protection afforded to a debtor is not extended to a non-debtor co-defendant. In re Metal Ctr, Inc., 31 B.R. at 462. Some courts take into account the debtor's request. See, e.g., In re All Seasons Resorts, Inc., 79 B.R. at 904 ("[T]he automatic stay does not *automatically* encompass co-defendants. A court must make that determination upon request of the debtor."); In re Sunbeam Sec. Litig. 261 B.R. 534, 537 (S.D. Fla. 2001).

Aside from Section 362, the Court has general discretion to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also Dunn v. Air Line Pilots Ass'n, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) ("A stay of proceedings is generally in the court's discretion. It is based on the balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay with harm others.") (citing Landis, 299 U.S. at 254-55). In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or

tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court. Alps South, LLC v. The Ohio Willow Wood Co., No. 8:09-cv-00386-T-EAK-MAP, 2010 WL 2465176, at *1 (M.D. Fla. June 16, 2010) (citations omitted).

## Discussion

A. <u>Whether the Court should stay all claims against Defendant Source Interlink Companies, Inc. pursuant to 11 U.S.C. § 362</u>

SIC argues the Court should take a liberal approach to the automatic stay provision of Section 362 and extend the stay against non-debtor SIC. That is, SIC asserts "unusual circumstances" exists to warrant a stay to SIC too. SIC asserts the complaint does not contain separate counts for each defendant and the relief sought from each defendant is the same. In addition, SIC states Brent's claims cannot be litigated without the direct involvement of Source Interlink Distribution, LLC. SIC supports its argument by relying on A.H. Robins Co., Inc., 788 F.2d at 999.

Upon review and consideration, the Court does not find a stay is warranted with regard to SIC, the non-debtor, pursuant to Section 362. The Court also does not find an unusual circumstance exists to warrant a stay. SIC has failed to persuasively explain how this case cannot be litigated without the direct involvement of Source Interlink Distribution, LLC. In addition, SIC has failed to show that a judgment or finding against one defendant is in essence the same against the other defendant in this case. A.H. Robins Co., Inc., 788 F.2d at 999 ("This 'unusual situation,' it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against debtor."). Moreover, the purposes of granting an automatic stay pursuant to the bankruptcy code is not present here. For example, to the Court's knowledge SIC does not need to

harmonize other actions by creditors against it. A.H. Robins Co., Inc., 788 F.2d at 998 (citing Fidelity Mortg. Investors v. Camelia Builders, Inc., 550 F.2d 47, 55 (2d Cir. 1976)).

B. <u>Whether the Court should stay all claims against Defendant Source Interlink Companies, Inc. to promote judicial efficiency</u>

SIC argues this matter should be stayed in all aspects in the interest of judicial economy and efficiency. Specifically, SIC asserts the allegations against both defendants are intertwined and present common questions of law and fact. SIC asserts it would be best if this case is resolved at the same time because allegations against both defendants are the same and the plaintiff seeks the same relief from both defendants. Thus, SIC asserts any basis for recovery from one defendant would be based on the same facts against the other defendant.

In addition, SIC asserts if this case is stayed to one defendant now and not to the other defendant, then this matter would result in piecemeal litigation. Relying on Peterson v. Avantair, Inc. and Lisa v. Mayorga, SIC asserts avoiding piecemeal litigation warrants a stay. Peterson v. Avantair, Inc., No. 8:13-cv-1683-T-33EAJ, 2013 WL 4506414, *4 (M.D. Fla. Aug. 23, 2013); Lisa v. Mayorga, 232 F. Supp. 2d 1325, 1328 (S.D. Fla. 2002). Finally, SIC asserts without a full stay of this case the court will duplicate its efforts which may result in inconsistent outcomes.

Even though the claims against the defendants are the same and the relief sought from both defendants is the same, the Court does not find staying this case in its entirety would support judicial efficiency. To the extent piecemeal litigation will occur in this case, the Court finds the parties and this Court will not be greatly harmed or inconvenienced. Inconsistent outcomes are unlikely, if anything, moving forward with this case now will streamline the issues later for the other defendant. Moreover, the purposes of granting a stay pursuant to a court's general stay powers are not present here. For example, a stay would

tactfully disadvantage the plaintiff in this case. Therefore, the Court chooses to use its discretion to *not* stay this proceeding pursuant to its general discretionary powers.

Accordingly, it is now **ORDERED:**

1. Defendant Source Interlink Companies, Inc.'s Motion to Stay Proceedings (Doc. 25) is **DENIED**.

2. Defendant Source Interlink Companies, Inc.'s Motion for Leave to File Reply to Plaintiff's Response to Defendant Source Interlink Companies' Motion to Stay Proceedings (Doc. 34) is **DENIED**.

3. Plaintiff Brent is directed to comply with the CM/ECF Administrative procedures going forward in this case. See M.D. Fla. Admin. Proc. for Elec. Filing in Civil and Criminal Cases ("Separate Attachment: Each separate exhibit must be filed as a separate attachment to the main document.").

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record